# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| Matthew Hall, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Champaign, Unknown City of | ) | |
| Champaign police officers, County of | ) | |
| Champaign, Champaign County | ) | |
| Sheriff's Office, and Unknown | ) | |
| Champaign County Sheriff's Deputies. | ) | |

## COMPLAINT

Plaintiff Matthew Hall, through his attorneys Hale & Monico LLC, complaining of Defendants City of Champaign, Unknown City of Champaign police officers, County of Champaign, Champaign County Sheriff's Office, and Unknown Champaign County Sheriff's Deputies. In support, Plaintiff states:

## Introduction

1.  Following a traffic stop, Plaintiff Matthew Hall was brutally attacked by a law enforcement canine despite Plaintiff offering no resistance and having surrendered.

2.  Multiple law enforcement officers observed the attack and yet did nothing to stop the dog. On the contrary, law enforcement officers appeared to have encouraged the dog.

3.  Plaintiff was bit approximately six times and appears to have suffered permanent scarring.

## Parties

4.  Plaintiff Matthew Hall is a resident of the City of Champaign.

5. Defendant CITY OF CHAMPAIGN is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. CITY OF CHAMPAIGN is responsible for the practice, policy, customs, and training of the Champaign Police Department and its employed law enforcement officers. During the relevant time, CITY OF CHAMPAIGN employed Unknown City of Champaign police officers, who acted within the scope of their employment. CITY OF CHAMPAIGN is named as a party pursuant to the legal theory of *Respondeat Superior* and pursuant to the indemnification requirements of 745 ILCS 10/9-102.

6. Defendant COUNTY OF CHAMPAIGN is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. COUNTY OF CHAMPAIGN is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

7. Defendant CHAMPAIGN COUNTY SHERIFF'S OFFICE was, during the relevant time, the employer of Unknown Champaign County Sheriff's Deputies, who acted within the scope of their employment. CHAMPAIGN COUNTY SHERIFF'S OFFICE is named as a party pursuant to the legal theory of *Respondeat Superior*.

8. Unknown City of Champaign police officers were, at all times relevant, sworn law enforcement officers with the Champaign Police Department and were acting within the scope of their employment and/or agency. Unknown City of Champaign police officers were, at all times relevant, acting under color of law.

9. Unknown Champaign County Sheriff's Deputies were, at all times relevant, sworn law enforcement officers with the Champaign County Sheriff's Office and were acting within the scope of their employment and/or agency. Unknown Champaign County Sheriff's Deputies were, at all times relevant, acting under color of law.

## Jurisdiction

**10.** This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

**11.** The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

**12.** Venue is proper in the United States District Court for the Central District of Illinois, Urbana division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## Factual Allegations

**13.** On or about June 12, 2019, Plaintiff was in a vehicle near the intersection of Prospect and Bloomington in Champaign, Illinois.

**14.** Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies effected a traffic stop of the vehicle.

**15.** Plaintiff fled from the traffic stop.

**16.** Near a residential house, Plaintiff laid on the stomach and put his hands up.

**17.** Plaintiff was offering no resistance at that time.

**18.** Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies had a law enforcement canine with them.

**19.** Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies commanded the law enforcement canine to attack Plaintiff.

20. The law enforcement canine proceeded to bite Plaintiff approximately six times, causing injury.

21. At the time the law enforcement canine bit him, Plaintiff was offering no resistance and had surrendered.

22. The use of the law enforcement canine was unreasonable based on the totality of the circumstances.

23. Upon information and belief, there were multiple Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies who observed the law enforcement canine bite Plaintiff multiple times and did nothing to prevent the use of force.

24. As a result of the injuries inflicted upon him by the law enforcement canine, Plaintiff has suffered scarring.

**Count I – Federal Claim**
**42 U.S.C. § 1983 Excessive Force**
**Unknown Champaign Police Officers and Unknown Champaign County Sheriff's Deputies**

25. Each paragraph of this Complaint is incorporated as if restated fully herein.

26. The actions of Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies in using the law enforcement canine was unreasonable based on the totality of the circumstances. These actions violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

27. Upon information and belief, multiple Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies were physically present on the scene at the time the law enforcement canine was biting Plaintiff, these officers had a realistic opportunity to prevent the use of the canine, and these officers failed to act to prevent the

canine from biting Plaintiff. These Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies failed to intervene to prevent the constitutional violations inflicted upon Plaintiff by the law enforcement canine.

28. As a result of the use of excessive force and the failure to intervene to prevent the use of excessive force, Plaintiff suffered injuries.

WHEREFORE, Plaintiff Matthew Hall prays for judgment against Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies, an award of compensatory damages, punitive damages, attorneys' fees, costs, and any additional relief that is just and proper.

### Count II – Claim Under Illinois Law
### Battery
### Unknown Champaign Police Officers, Unknown Champaign County Sheriff's Deputies, City of Champaign, and Champaign County Sheriff's Office

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. The actions of Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies in directing the law enforcement canine to bite Plaintiff constitute a battery as defined by Illinois law.

31. The actions of Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies were committed in a willful and wanton manner in that the actions were done with either an actual or deliberate intention to harm or an utter indifference to or conscious disregard for Plaintiff's health and safety.

32. There was no legal justification for the use of the law enforcement canine as Plaintiff had surrendered and posed no threat of resistance.

33. During the relevant time, Unknown Champaign police officers were acting within the scope of their employment and/or agency with City of Champaign. As such, City of

Champaign is liable for the misconduct of Unknown Champaign police officers under the legal theory of *Respondeat Superior*.

34. During the relevant time, Unknown Champaign County Sheriff's Deputies were acting within the scope of their employment and/or agency with Champaign County Sheriff's Department. As such, Champaign County Sheriff's Department is liable for the misconduct of Unknown Champaign County Sheriff's Deputies under the legal theory of *Respondeat Superior*.

WHEREFORE, Plaintiff Matthew Hall prays for judgment against Unknown Champaign police officers and/or Unknown Champaign County Sheriff's Deputies, City of Champaign, and Champaign County Sheriff's Office, an award of compensatory damages, punitive damages, costs, and any additional relief that is just and proper.

### Count III – Claim Under Illinois Law
### Indemnification
### City of Champaign and County of Champaign

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. During the relevant time, Unknown Champaign police officers acted within the scope of their employment and/or agency with City of Champaign.

37. Pursuant to 745 ILCS 10/9-102, City of Champaign is required to indemnify Unknown Champaign police officers for any judgement against them for acts or omissions done within the scope of their employment and/or agency.

38. During the relevant time, Unknown Champaign County Sheriff's Deputies acted within the scope of their employment and/or agency with Champaign County Sheriff's Department.

**39.** Pursuant to 745 ILCS 10/9-102, County of Champaign is required to indemnify the Champaign County Sheriff's Department for any judgment against a sheriff's deputy for acts or omissions done within the scope of their employment and/or agency.

WHEREFORE, Plaintiff Matthew Hall prays that City of Champaign be required to indemnify Unknown Champaign police officers for any award of compensatory damages, attorneys' fees, and costs. Plaintiff Matthew Hall prays that County of Champaign be required to indemnify Unknown Champaign County Sheriff's Deputies and Champaign County Sheriff's Office for any award of compensatory damages, attorneys' fees, and costs.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By: */s/ Shawn W. Barnett*
Shawn W. Barnett, Atty. No. 6312312
One of the Attorneys for Plaintiff

HALE & MONICO LLC
Andrew Hale
Shawn Barnett
53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905