IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Matthew Hall, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Champaign County Sheriff's Office, )<br>County of Champaign, Illinois, and )<br>Champaign County Deputy Beasley, )<br>)<br>Defendants. ) | Case No. 19 CV 2275 |

### AMENDED COMPLAINT

Plaintiff Matthew Hall, through his attorneys Hale & Monico LLC, complaining of Defendants Champaign County Sheriff's Office, County of Champaign, Illinois, and Champaign County Deputy Beasley. In support, Plaintiff states:

### Introduction

1. Following a traffic stop, Plaintiff Matthew Hall was brutally attacked by a law enforcement canine despite Plaintiff offering no resistance and having surrendered.

2. Multiple law enforcement officers observed the attack and yet did nothing to stop the dog. On the contrary, law enforcement officers appeared to have encouraged the dog.

3. Plaintiff was bit approximately six times and appears to have suffered permanent scarring.

### Parties

4. Plaintiff Matthew Hall is a resident of the City of Champaign.

5. Defendant COUNTY OF CHAMPAIGN is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. COUNTY OF

CHAMPAIGN is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

6. Defendant CHAMPAIGN COUNTY SHERIFF'S OFFICE was, during the relevant time, the employer of Unknown Champaign County Sheriff's Deputies, who acted within the scope of their employment. CHAMPAIGN COUNTY SHERIFF'S OFFICE is named as a party pursuant to the legal theory of *Respondeat Superior*.

7. Defendant CHAMPAIGN COUNTY DEPUTY BEASLEY was, during all times relevant, a sworn law enforcement officer with the Champaign County Sheriff's Office and were acting within the scope of their employment and/or agency. Defendant Beasley was, at all times relevant, acting under color of law.

## Jurisdiction

8. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

9. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

10. Venue is proper in the United States District Court for the Central District of Illinois, Urbana division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## Factual Allegations

11. On or about June 12, 2019, Plaintiff was in a vehicle near the intersection of Prospect and Bloomington in Champaign, Illinois.

12. Members of the Champaign Police Department effected a traffic stop of the vehicle.

13. Plaintiff fled from the traffic stop.

14. Near a residential house, Plaintiff laid on the stomach and put his hands up.

15. Plaintiff was offering no resistance at that time.

16. Defendant Beasley had, at some point, arrived near Plaintiff's location.

17. Defendant Beasley had a canine partner named Arco.

18. Defendant Beasley commanded Arco to "get him," meaning Plaintiff.

19. The law enforcement canine proceeded to bite Plaintiff approximately six times, causing injury.

20. At the time Defendant Beasley commanded Arco to "get" him, Plaintiff was offering no resistance.

21. On the contrary, Plaintiff was surrendering and had his hands out.

22. Defendant Beasley's use of his canine partner Arco against Plaintiff was objectively unreasonable based on the totality of the circumstances.

23. During the time Arco was biting Plaintiff, Plaintiff was begging Defendant Beasley to stop the dog attack. Defendant Beasley did not stop the dog attack.

24. Defendant Beasley then told Ardo "good boy" after Arco had bitten Plaintiff repeatedly without lawful justification.

25. As a result of the injuries inflicted upon him by the law enforcement canine, Plaintiff has suffered scarring.

### Count I – Federal Claim
### 42 U.S.C. § 1983 Excessive Force
### Defendant Beasley

26. Each paragraph of this Complaint is incorporated as if restated fully herein.

27. The actions of Defendant Beasley in using the law enforcement canine was unreasonable based on the totality of the circumstances. These actions violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

28. As a result of the use of excessive force, Plaintiff suffered injuries.

WHEREFORE, Plaintiff Matthew Hall prays for judgment against Defendant Beasley, an award of compensatory damages, punitive damages, attorneys' fees, costs, and any additional relief that is just and proper.

### Count II – Claim Under Illinois Law
### Battery
### Defendant Beasley and Champaign County Sheriff's Office

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. The actions of Defendant Beasley in directing the law enforcement canine to bite Plaintiff constitute a battery as defined by Illinois law.

31. The action of Defendant Beasley was committed in a willful and wanton manner in that the actions were done with either an actual or deliberate intention to harm or an utter indifference to or conscious disregard for Plaintiff's health and safety.

32. There was no legal justification for the use of the law enforcement canine as Plaintiff had surrendered and posed no threat of resistance.

33. During the relevant time, Defendant Beasley was acting within the scope of his employment and/or agency with Champaign County Sheriff's Department. As such,

Champaign County Sheriff's Department is liable for the misconduct of Defendant Beasley under the legal theory of *Respondeat Superior*.

WHEREFORE, Plaintiff Matthew Hall prays for judgment against Defendant Beasley and Champaign County Sheriff's Office, an award of compensatory damages, punitive damages, costs, and any additional relief that is just and proper.

### Count III – Claim Under Illinois Law
### Indemnification
### County of Champaign

**34.** Each paragraph of this Complaint is incorporated as if restated fully herein.

**35.** During the relevant time, Defendant Beasley acted within the scope of his employment and/or agency with Champaign County Sheriff's Department.

**36.** Pursuant to 745 ILCS 10/9-102, County of Champaign is required to indemnify the Champaign County Sheriff's Department for any judgment against a sheriff's deputy for acts or omissions done within the scope of their employment and/or agency.

WHEREFORE, Plaintiff Matthew Hall prays that County of Champaign be required to indemnify Defendant Beasley and Champaign County Sheriff's Office for any award of compensatory damages, attorneys' fees, and costs.

### Jury Demand

Plaintiff demands a jury trial on all issues so triable.

> Respectfully submitted,
>
> By: */s/ Shawn W. Barnett*
> Shawn W. Barnett, Atty. No. 6312312
> One of the Attorneys for Plaintiff

HALE & MONICO LLC
Andrew Hale
Shawn Barnett

53 West Jackson, Suite 337
Chicago, IL 60604
(312) 870-6905

2:19-cv-02275-CSB-EIL    # 16    Page 6 of 7

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I causes this document to be filed using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*